UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
KALIKA BHAGWAT and NARESH
PERSAUD,

        Plaintiffs,

    -against-

QUEENS CARPET MALL, INC., and
JAANKIE TULSIE, individually,

        Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

14-CV-5474 (ENV) (PK)

VITALIANO, D.J.

 On September 18, 2014, plaintiff Kalika Bhagwat, represented by counsel, filed a complaint and, on October 3, 2014, the summons and complaint was served on defendants Queens Carpet Mall, Inc., and Jaankie Tulsie. ECF Dkt. Nos. 9-1, 10-1. With leave of the Court, plaintiff then amended the complaint to add Naresh Persaud as co-plaintiff. Defendants have not appeared or otherwise responded to the complaint. Their time to do so has long since passed. On two prior occasions, plaintiff filed motions for default judgment, which were denied without prejudice. ECF Dkt. Nos. 13, 21. Then, on plaintiffs' motion, the Clerk of Court entered a certificate of default against both defendants on June 23, 2017. ECF Dkt. No. 25. After the Court ordered plaintiffs to show cause as to why they had not moved for default, they responded to the order to show cause by moving for default judgment on September 4, 2017. ECF Dkt. No. 26. For the reasons set forth below, that motion is denied with leave to renew.

## Discussion

 A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules. One such rule, Local Civil Rule 55.2(b) provides that certain items must be appended to a default judgment motion: "(1) the Clerk's

1

certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers. *See, e.g., Bastien v. Samuels*, 14-CV-1561, 2014 WL 5306016, at *6 (E.D.N.Y. Oct. 15, 2014*); Apex Mar. Co. v. Furniture, Inc.*, 11-CV-5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012); *Evseroff v. I.R.S.*, 190 F.R.D. 307, 308 (E.D.N.Y. 1999). Separately, Local Civil Rule 55.2(c) requires that all papers submitted to the Court in support of a motion for default judgment be mailed to the party against whom default is sought, with "[p]roof of such mailing . . . filed with the Court." This means a mailing to each party at that party's last known address.

Additionally, with respect to the natural party defendant, plaintiffs have not filed a proper non-military affidavit. Pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3931, Local Civil Rule 55.1, and the Court's individual rules, a party seeking default judgment must submit an affidavit indicating whether or not the individual defendant is in military service. The movant must supply the "necessary facts to support the affidavit," 50 U.S.C. § 3931, which must "be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered," *Pruco Life Ins. Co. of N.J. v. Estate of Locker*, 12-CV-882, 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (citations omitted). While plaintiffs previously submitted such an affidavit, it was chronologically noncompliant and does not obviate their duty to investigate after the default. Additionally, while the Court notes that plaintiffs state that "Defendants are neither incompetent nor in in the military so as to explain Defendants' failure to answer or otherwise defend against this action," that is an insufficient factual basis. ECF Dkt. No. 26-3 at 2, ¶ 12.

Certification, as to the SCRA, of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website: https://scra.dmdc.osd.mil.

## Conclusion

For these reasons, plaintiffs have failed to comply with Local Civil Rules 55.1 and 55.2, and the Court's individual rules, and their motion for default judgment, Dkt. No. 26, is denied without prejudice and with leave to renew, but only in a manner that complies with the Court's local and individual rules. The Court will, in this instance, permit plaintiffs to renew their motion on the basis of the certificates of default previously issued by the Clerk. That renewed motion, however, must be properly served and filed within 30 days of the entry of this order on the docket. Failure to do so will result in the denial of the motion for default judgment and the dismissal of this action for failure to prosecute.

Once again, plaintiffs are advised that this Order may not contain an exhaustive recitation of the deficiencies in their moving papers. Accordingly, they are cautioned to re-examine all of the rules applicable to default judgment motions and to comply strictly with each of them.

So Ordered.

Dated: Brooklyn, New York
November 9, 2017

/S/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge